UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br> v. <br><br> JOHN DOE, subscriber assigned IP address 24.191.40.31, <br><br> Defendant. | Civil Action No. <br> 3: 18 - CV - 590 (CSH) <br><br><br> JANUARY 9, 2020 |

**RULING ON DEFENDANT'S MOTION FOR NONSUIT OR DISMISSAL [Doc. 28] AND PLAINTIFF'S MOTION TO COMPEL [Doc. 32]**

**I. INTRODUCTION**

In this copyright infringement action, Plaintiff Malibu Media LLC, d/b/a X-Art.com, ("Plaintiff" or "Malibu Media") asserts that Defendant John Doe has unlawfully distributed ten of Plaintiff's copyrighted adult films by using BitTorrent, a "peer-to-peer file sharing system[ ] used for distributing large amounts of data, including, but not limited to, digital movie files."[1] Doc. 18-1 (Redacted "Amended Complaint"), at ¶ 11; Doc. 18-2; Doc. 18-3. Pending before the Court at this time are two motions.

The first is Defendant's "Motion for Nonsuit and/or Dismissal" [Doc. 28] based on Plaintiff's failure to prosecute the action under Rule 41(b), Fed. R. Civ. P. In that motion, Defendant asserts

---

[1] As Malibu Media explains in its Amended Complaint, "[i]n order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces" and "[u]sers then exchange these small pieces among each other instead of attempting to distribute a much larger digital file." Doc. 18-1, ¶ 12. "After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized." *Id.* ¶ 13.

1

that Plaintiff has failed to: (1) confer, as required by Rule 26(f), Fed. R. Civ. P.; (2) respond to Defendant's "ongoing requests for a settlement demand;" and (3) exercise the "due diligence necessary to properly prosecute the case." Doc. 28, at 1. The second pending motion is Plaintiff's "Motion to Compel" [Doc. 32], which requests that the Court order the Clerk of the Court to send Plaintiff a copy of Defendant's "Sealed Offer of Compromise" [Doc. 30], filed November 25, 2019. Malibu Media alleges that "the aforesaid document was never served on [it], nor has Plaintiff's counsel ever been contacted directly by defense counsel, Michael J. Rose." Doc. 32. at 1. The Court will review and resolve both motions herein.

## II. DISCUSSION

**A. Doe's "Motion for Nonsuit or Dismissal" [Doc. 28]**

In support of his motion for nonsuit or dismissal, Defendant John Doe represents that his counsel has "reached out to the Plaintiff three times requesting to discuss settlement and/or engage in the [Rule] 26(f) Conference." Doc. 28, at 1. However, Defendant argues, rather than discussing settlement or engaging in a planning report conference under Rule 26(f), Plaintiff seeks to "shame" him to pay above fair market value for downloads, as Plaintiff has, "on information and belief," done in "hundreds of similar suits." *Id..*. Defendant thus asserts that not only has Malibu Media "not prepared or discussed the 26(f) Report," its counsel "has not responded to calls and emails requesting same." *Id.*

In particular, Doe's counsel states that for nine months, from service of the Amended Complaint on February 22, 2019, to December of 2019, he made "multiple attempts to contact Plaintiff's counsel regarding both discretionary settlement negotiations and mandatory scheduling functions such as preparing a joint 26(f) report" – all without success. Doc. 34, at 2. As proof of

his attempted communications regarding settlement and/or planning, Defendant's counsel, Michael J. Rose, submits his Affidavit, testifying that on April 3, 2019, his paralegal "left a voicemail message for Attorney Kevin Conway [Malibu Media's counsel] to contact [him] on [his] cell phone." Doc. 34-1 (Ex. A), ¶ 5. Then, on June 14, 2019, Rose sent a letter to Conway, requesting that he contact Rose "to discuss a possible resolution to this matter." *Id.* ¶ 6. Finally, "[a] short time thereafter," Rose attempted to phone Conway, but his call was unanswered and his voice mail message received no response. *Id.* ¶ 7. In short, according to Rose, none of his "communications regarding logistical litigation management responsibilities . . . were returned or answered." Doc. 34, at 2.

Consequently, on November 25, 2019, Rose filed on behalf of Doe the present "Motion for Nonsuit" [Doc. 28] and a sealed "Offer of Compromise" [Doc. 30], in the continuing hope of resolving the case expeditiously. In his brief in support of dismissal, Rose summarizes his client's difficult position in this action as follows:

> [E]very moment that this litigation continues is another ever-fresh moment of peril of being exposed to shame and embarrassment for the Defendant. The Defendant wants nothing more than for this case to be over, or failing that, at least for the parties to make progress towards a resolution. The Plaintiff allegedly discovered that the Defendant sought out and downloaded, *inter alia*, "Fit For A F—," "Would You F— My Girlfriend," and "XXX Threeway Games" for his private interests, and publicly alleged this in a lawsuit in federal court. Then, instead of prosecuting its lawsuit, the Plaintiff simply left the Defendant to twist in the wind for nine months. This is a fundamentally unfair misuse of the United States Courts to litigate by ways of threat of public shame, and it has severely prejudiced him by dragging this litigation (and his accompanying shame) on for almost twenty (20) months, with no end in sight, despite the undersigned's best efforts to work towards resolving the matter.

Doc. 34, at 5-6.

Malibu Media objects to Defendant's "Motion for Nonsuit or Dismissal," challenging Rose's

assertion that its counsel, Conway, has failed to communicate. Doc. 33. Malibu Media argues that just four days after Defendant's counsel, Rose, entered his appearance, Plaintiff's counsel "sent email correspondence . . . acknowledging his representation and extending the offer to discuss settlement." Doc. 33, at 7. Counsel Conway attaches his copy of said correspondence to Malibu Media's "Opposition" [Doc. 33] as Exhibit A. In that email, dated March 17, 2019, Conway writes to Rose:

> Your representation has been notated on the above case with 10 infringements. Please let me know if you have any information your client would like to provide at this time or if he is interested in resolving this case without further litigation and would like to discuss settlement. I have no objection to granting you some reasonable extension of time to respond to the complaint while we are discussing settlement.

*Id.*

In Malibu Media's "Opposition," Plaintiff's counsel also avers that "Plaintiff remains interested in discussing settlement with Defendant." Doc. 33, at 7. Then, "if settlement cannot be reached [Plaintiff] is prepared to proceed with this action." *Id.*

Having reviewed the parties' arguments, the Court accepts that Defendant sincerely desires to end this matter as soon as possible through settlement. The Court is mindful of his concern regarding his reputation; and in its prior Ruling on "Plaintiff's Motion to Serve a Third Party Subpoena" [Doc. 7], the Court recognized the concerns, acknowledged by Plaintiff and raised by numerous federal courts, that defendants feel compelled to settle such copyright infringement actions to prevent disclosure of their identities due to the nature of the adult films they have allegedly distributed. *Malibu Media, LLC v. Doe*, No. 3: 18-CV-590 (CSH), 2018 WL 2045998, at *6 (D. Conn. May 2, 2018) (gathering cases).

Furthermore, with respect to Malibu Media, the Court notes that there has been a problematic and unexplained delay due to its counsel's failure to initiate a planning meeting with Doe's counsel

to compile the required Rule 26(f) Report. Such a conference is mandated by both Federal and Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(f) (mandating prompt formation of a "discovery plan" by the parties after conferring); D. Conn. L. Civ. R. 26(f) (prescribing parties' planning conference to compile joint Rule 26(f) Report). In particular, in this District, where Malibu Media has initiated many actions, the Local Rules require that "[w]ithin thirty days after the first appearance of a defendant, the attorneys of record and any self-represented parties who have appeared in the case shall confer for the purposes described in Fed.R.Civ.P. 26(f);" and "[t]he conference ordinarily shall be initiated by the plaintiff." D. Conn. L. Civ. R. 26(f). Moreover, "[w]ithin fourteen (14) days after the conference, the participants shall jointly complete and file a report in the form prescribed by Form 26(f)." *Id.*

Despite extensive litigation experience in this District, Malibu Media has failed to perform its duty to initiate the required Rule 26(f) conference. No planning report has been filed with the Court, which has unnecessarily impeded the progress of the case. Plaintiff's counsel provides no excuse for this delay.

Moreover, if one accepts Malibu Media's representation that it "remains interested in discussing settlement," Doc. 33, at 7, it is puzzling why its counsel failed to meet with Doe's counsel or respond to his communications regarding possible terms to settle. No facts are presented to justify this failure.[2]

---

[2] As discussed above, the Court notes that Malibu Media has numerous similar actions filed in this District, and in many others, so that its counsel may have failed to note the connection of Defendant's counsel's communications to this particular case. As Malibu Media's counsel, Conway, stated in his email to Rose, this case is labeled "CT69," which suggests that there may have been 68 prior cases in this District at the time this action was commenced. *See* Doc. 33-1, at 1 (Email from Kevin Conway to Michael Rose, dated March 17, 2019, Subject: "Our Ref: CT69") ("Please note that our file number for this case is CT69."). However, the difficulties that may arise with a large

Under the facts described by both parties' counsel – where both sides assert that they are interested in settlement – the Court finds that there has been an unfortunate failure to communicate. Like "two ships that pass in the [starless] night," each side's counsel's "distant voice in the darkness" yields no permanent result.[3] Because of the parties' stated mutual interest in resolving this matter, the Court will bring these counsel together to facilitate settlement negotiations by referring the case to a Magistrate Judge for a settlement conference. That way, with scheduled times, a designated location, and the assistance of a presiding judge, the parties may finally find a port in which to resolve this matter. Due to the impending referral for settlement, the Court will deny Defendant's motion for nonsuit or dismissal *without prejudice* to renewal if the conference fails to produce settlement.

**B. Malibu Media's "Motion to Compel" [Doc. 32]**

Through its "Motion to Compel," Malibu Media seeks to obtain a copy of the Defendant's sealed "Offer of Compromise" [Doc. 30], which will enable it to discover the details of Defendant's suggested offer to settle the claims in this action. Malibu Media represents that it has never been served with a copy of that document so that it has not considered or responded to it. As one would expect, Doe has not objected to Plaintiff's motion to compel, which would provide Plaintiff with his proposed settlement terms. Moreover, the time to respond to the motion has expired. Absent

---

caseload present no grounds for failure to prosecute or to attend to any particular case. For the present, however, absent an explanation from Conway, the Court notes the existence of scores of similar cases, open and closed, in this District without speculating why Malibu Media has delayed in prosecuting this particular case.

[3] *See* "Tales of a Wayside Inn: The Theologian's Tale," Part III, Elizabeth Section IV (1863), Henry Wadsworth Longfellow. As in this poem, following counsel's "distant voice[s] in the darkness," there has been "[o]nly a look and a voice, then darkness again and a silence."

objection, and in the interest of facilitating settlement, the Court will grant the motion and direct the Clerk of the Court to provide the document at issue to Malibu Media.

### III. CONCLUSION

In light of the Court's decision that it will refer this case to a Magistrate Judge for settlement, the Court hereby DENIES the Defendant's "Motion for Nonsuit or Dismissal" [Doc. 28] WITHOUT PREJUDICE to renewal should the parties fail in their settlement negotiations. Also, if there is no settlement, the Court will reset the deadline for prompt submission of the Rule 26(f) Report and, upon review of that joint Report, enter a Scheduling Order for additional case deadlines.

Given their statements expressing a desire to settle, the parties are encouraged to make their best use of the upcoming opportunity to discuss this action with a Magistrate Judge. In that way, they may, if so advised, end this litigation in a mutually acceptable and expeditious manner.

To facilitate settlement, the Court also GRANTS Malibu Media's "Motion to Compel" [Doc. 32] the Clerk of the Court to provide it with a copy of Defendant's sealed "Offer of Compromise" [Doc. 30]. The Clerk is thus hereby directed to mail a copy of Defendant's "Offer of Compromise" [Doc. 30] to Plaintiff by first class mail addressed to its counsel of record, Kevin T. Conway. Plaintiff must preserve that sealed document's confidential status by maintaining its contents with care and using it solely in connection with this litigation.

It is SO ORDERED.

Dated: New Haven, Connecticut
      January 9, 2020

                                                                           */s/Charles S. Haight, Jr.*
                                                                           CHARLES S. HAIGHT, JR.
                                                                           Senior United States District Judge